Opinion of the Court.
THE Commonwealth, having obtained a judgment in the general court against Philips Caldwell, issued an execution to enforce it, which was levied on a tract of land in Ohio county, by the sheriff. To vacate and set aside *282 this execution, Caldwell obtained a writ of error coram vobis, by order of one of the judges of that court; and on the hearing, the execution and all proceedings under it, were quashed. But, on an appeal to this court, that decision was reversed and the execution revived. The security in the supersedeas bond given to obtain the writ of error coram vobis, having, in the mean time, departed this life, this action was brought to recover the money against his executors. They demurred to the declaration, and also pleaded nul tiel record, on which, issue was joined to the court. The court, on hearing, sustained the demurrer and gave judgment for the defendants, from which the commonwealth has appealed.
1. It is contended, that the bond declared on is not valid, because it binds the parties to pay the officers fees, and thus becomes a bond for costs to the several officers, and that the clerk ought not to be permitted thus to secure his own fees, instead of the interest of the party only, against whom the writ of error coram vobis issued. Although we would be unwilling to approve such an attempt in a clerk ; yet we cannot admit that he has, in this instance, done so, or that the expressions can be so construed, as to make a bond on which the clerk or other officers of court could sue, as a bond for costs. The condition of the bond, after reciting the judgment, with its amount and proceedings thereon, proceeds thus:
“ Now, if the said Philips Caldwell and John Bacon, or either of them, shall well and faithfully prosecute this writ of error with effect, or in case of its dismission, or the affirmation of the said judgment and proceedings before our general court, shall pay tire amount of the said judgment and costs, and all damages, costs, and officers fees awarded thereon, then this obligation shall be void, else to remain in full force.”
Now, it is evident, that if this was intended as a bond for costs, it was a contingent one, and could only be enforced, in case the plaintiff in the writ of error was successful; which, in some degree, negatives the construction contended for. But it does not require the payment of the fees to the officers of the court; therefore, the obligation is to pay them to the opposite party, and that, in case they were awarded; that is, by the decision of the court. The expression, "officers' *283 fees,” as they compose part of the costs, can only, then, be considered as cumulative, or rather as particularising part of the costs to be recovered, and was consequently wholly unnecessary, as the word, costs, previously used, included them already, and would have been sufficient, without mentioning of what those costs were composed. This exception cannot, therefore, avail the appellees.
Where the execution on which a writ of error coram vobis has been brought, is quashed by the inferior court, a writ of error to the judgment quashing it, is brought in the court of appeals, and that judgment reversed, the security in the bond given on obtaining the writ of error coram vobis, is liable to the palintiff in the execution
2. It is contended, that the averments in the declaration, or breaches, are not sufficiently assigned, to show that any cause of action accrued. The declaration alleges, “That the judgment and proceedings before the said general court, in the condition of the said bond mentioned, were affirmed by a decision of the court of appeals of the commonwealth of Kentucky, which said court of appeals had competent jurisdiction of the case, at the spring term 1810 ; and ten per centum damages on the amount of said judgment, together with costs of suit, were by the said court awarded to the plaintiff in said judgment; all which appears of record, among the records of said court of appeals and of the general court; to which general court, said judgment of the court of appeals was presented and there recorded.”
The declaration is silent as to any affirmance in the general court, and it is contended, that the condition of the bond is expressly confined to an affirmance in that court, and does not include an affirmance in this, and that it was necessary to set out an order of that court, in pursuance of a mandate from this, affirming or sustaining the execution, which the writ of error was brought to annul; and that, for this deficiency, no cause of action is shown.
We cannot concur with the counsel for the appellees, in supposing that the expressions of the condition of the bond are confined to the proceedings of that court alone. The words, “ before our said general court,” which follow the words, “judgment and proceedings,” were used for the purpose of description, to show what proceedings, or rather in what court they then were, instead of the court where the judgment of affirmance was pronounced. The bond, according to this construction, points out a contingency, on the happening of which, it might be forfeited ; that is, the affirmance of the judgment in general terms ; and the *284 event might happen either in that court or in this, to which it might be removed for the purpose of revision. The averring, therefore, of an affirmance in either court, showed a sufficient cause of action, and the court below erred in sustaining the demurrer to the declaration.
The writ of error coram vobis is, in this country, not a material part of the record, in proceedings so characterized, inasmuch as it must issue in the same court to which it is returnable, and as a commission to the judges to examine the case, an give then no more authority than they have directly from the law.
On a plea of nul tiel record, to an action on a supersedeas bond, in a writ of error coram vobis, where it appears that a summons is sued, that both parties appeared, a trial was had and the plaintiff in writ of error succeeded in the inferior court; the record is complete, without the writ of error coram vobis
*284 3. As that court gave no decision on the issue of nul tiel record, the parties have agreed in this court, that this record shall be considered in all respects as if a judgment of failure of record, in that court, had been given ; and the appellant’s counsel has produced his record of the writ of error coram vobis, relied on in his replication in the court below, and the appellees have insisted upon its insufficiency ; and it is agreed, that if this court shall be of opinion that there is a failure record, on that issue, the judgment shall not be reversed for any error in the judgment on the demurrer.
The record produced, contains the original judgment rendered in pursuance of the mandate of this court; an execution directed to the sheriff of Ohio ; a return of the sheriff, that it was levied on land, which was not sold "by reason of a supersedeas being directed to him;" the petition of Philips Caldwell to a judge of that court, for the purpose of obtaining the writ of error coram vobis, and the order of the judge awarding the writ; the supersedeas bond on which this suit is founded ; and after some general continuances, the commonwealth appears by the attorney-general and the plaintiff in the writ by his attorney ; the cause is argued, and judgment rendered in that court, quashing the execution ; which decision was reverse by this court.
It is contended by the appellees, that there is a failure of record, inasmuch as the record exhibits no writ of error made out in due form. The rules laid down in Walker vs. Kendall, Hard. 409, with regard to a failure of record, are, first, if the record be set out imperfectly or partially, it is sufficient if enough appear to prove the matter in dispute; and secondly, a variance in an immaterial part, is not fatal. What place does the writ of error occupy in this record ? Is it essential to prove any material point in dispute, or is it a material part of the record? A writ of error is not that process of summons which requires the party to *285 appear, or gives him notice of the pending contest; but it is that process which issues from one office, directed to another, describing the record, and requiring the officer or clerk of the latter court to send up the record, concerning which the complaint is made. In a revising court, as this is, a writ of error is and must be matter of substance. It has a sensible meaning or use in the cases here pending. But in the case of a writ of error coram vobis, prosecuted in the same court, the case is widely different. In England, a writ of error coram vobis was not issued from the same court, but from another officer, to wit, from chancery, the officina justitiœ; and it operated as a commission to the court to which it was directed, authorising them to examine the record—Tidd’s Prac. 1,051. Here, the inferior courts have no need of such commission. Their authority is based on the law itself, and a process issued from their officer, directed to the court itself, or to the officer himself, can confer no more authority than they possessed before; and the singularity of such process, issued by, and directed to the same authority, shows that it has dwindled, under our laws and the organization of our courts, to mere form, and only serves the purpose of characterising and giving name to the proceeding. Hence, if it be lost, the record ought not to be considered so mutilated as to prove nothing. The suspension of the judgment and the correction, hearing for the purpose of redressing the errors, is the substance. This benefit Caldwell had in the present instance. He prosecuted it, and the commonwealth met him in all courts, who decided, with the proper parties before them, the case as a writ; of error coram vobis. Enough, then, appears, to show he had the full benefit of the writ, and also to characterise the proceeding, and show a breach of the bond. We cannot, therefore, say that the absence of the writ of error is so material, that it is a failure of record..
The judgment must, therefore, be reversed with costs, and the cause remanded for new proceedings, not inconsistent with this opinion.